### Richmond

CHARLES ERVIN SHOPE, III

v.

COMMONWEALTH OF VIRGINIA

Record No. 840313.

October 12, 1984.

Present: All the Justices.

*Irving M. Blank (Samuel Baronian, Jr.; Smith, Blank, Isaacs & Hinton*, on briefs), for appellant.

*John M. McCarthy, Assistant Attorney General (Gerald L. Baliles, Attorney General; Elizabeth C. Gay, Assistant Attorney General*, on brief), for appellee.

PER CURIAM.

Pursuant to an information, the trial court entered an order directing Charles Ervin Shope, III, to show cause why he should not be adjudicated an habitual offender under the provisions of the Virginia Habitual Offenders Act (Code §§ 46.1-387.1, *et seq.*), and prohibited from operating a motor vehicle on the highways. A copy of the order with a certified transcript of the relevant conviction record attached was personally served on Shope.

At trial, when asked by the court whether he was the same person named in the information, Shope declined to answer on advice of counsel. The Commonwealth's evidence was the conviction record which Shope moved to strike as insufficient. The trial court, ruling that the evidence was sufficient, found Shope to be an habitual offender and ordered him not to drive on the highways for a period of 10 years and to surrender his licenses and permits. On appeal, Shope argues that the evidence is insufficient to identify him as the same person named in the abstract of convictions. We do not agree.

 Proceedings under the Habitual Offender Act are civil, not criminal in nature. *Davis* v. *Commonwealth*, 219 Va. 808, 812, 252 S.E.2d 299, 301 (1979). Such proceedings are based upon records maintained by the Commissioner of the Division of Motor Vehicles. *Davis*, 219 Va. at 812, 252 S.E.2d at 301. The burden was on the Commonwealth to prove its case by a preponderance of the evidence.

 Shope relies on certain discrepancies in the three abstracts of conviction. The first and second showed Shope's name as Charles Ervin Shope, the third as Charles E. Shope, III. In each abstract, however, the date of birth was the same, August 29, 1960; in each, the operator's license number was the same, 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. Under Code § 46.1-375 every operator's license shall bear the number assigned to the licensee and his social security number, "which may be the number assigned."

This evidence made out a prima facie case that Shope was the same person described in the abstracts. Thus, while he did not have the burden of proof, he had the burden of going forward with evidence to rebut the Commonwealth's evidence. He elected not to do so.

We hold that the evidence was sufficient to support the trial court's findings, and we will affirm the judgment.

*Affirmed.*