## Richmond

THOMAS DAVID BOULDIN, III

v.

COMMONWEALTH OF VIRGINIA

No. 1547-85

Decided April 21, 1987

COUNSEL

William E. Kirkland, for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J. — On November 27, 1985, the appellant, Thomas David Bouldin, III, was adjudged an habitual offender as defined in Code § 46.1-387.2. He was ordered not to operate a motor vehicle on the highways of the Commonwealth for ten years, or until his privilege was restored in accordance with law. Bouldin raises four issues on appeal: (1) whether following the Commonwealth's introduction of a certified DMV transcript of his convictions he had the burden of going forward with the evidence to prove that

the conviction under a Chesterfield County ordinance was invalid and not substantially paralleling and conforming to offenses specified in Code § 46.1-387.2(a) and (b); (2) whether the court erred in holding that he was incompetent to testify concerning the Chesterfield ordinance; (3) whether he was afforded equal protection under the law; and (4) whether the proceeding against him was barred by the elapse of time. We disagree with each contention of the appellant, and affirm.

Bouldin was convicted twice of driving on a revoked or suspended license in violation of Code § 46.1-350 and once in violation of Chesterfield County Ordinance § 14.1-1, these convictions having occurred on March 7, 1980, April 2, 1981, and June 14, 1981, respectively. On July 23, 1985, the Department of Motor Vehicles (DMV) certified to the Commonwealth's Attorney that Bouldin's driving record included three convictions, bringing him within the provisions of the Virginia Habitual Offender Act. Code §§ 46.1-387.1-12. On July 31, 1985, the Commonwealth's Attorney filed an information in Chesterfield Circuit Court requesting that Bouldin be summonsed to appear on September 26, 1985, and show cause why his license and privilege to operate a motor vehicle should not be revoked. The Chesterfield County Circuit Court entered an order on August 1, 1985, directing him to appear on September 26, 1985. However, on that date Thomas David Bouldin, Jr., appellant's father, appeared. The matter was continued for the personal appearance of appellant. On November 27, 1985, Bouldin appeared for the trial under the show cause order. The Commonwealth's Attorney introduced the certified DMV transcript of the three convictions and rested his case. Bouldin sought to testify concerning the interpretation of the Chesterfield ordinance, but the trial court found him incompetent to testify on the issue whether the county ordinance substantially paralleled and conformed with Code § 46.1-387.2(a) and (b). The trial court, however, took judicial notice of the ordinance, and held that it substantially paralleled and conformed with the state law. The trial judge rejected appellant's other arguments and entered an order declaring him an habitual offender.

■ Bouldin first contends that the Commonwealth was required to do more than simply introduce certified DMV transcripts of his record of convictions; he contends that the Commonwealth was required to introduce affirmative evidence that the Chesterfield

County violation conformed to violations of Code § 46.1-387.2(a) and (b). We disagree. Although the Commonwealth bore the burden of proving conformity by a preponderance of the evidence, when the Commonwealth produced the certified DMV transcript showing three convictions within a ten year period, a prima facie presumption arose that the Chesterfield County conviction substantially conformed to Code § 46.1-387.2(a) and (b). At that point, Bouldin had the burden of going forward with the evidence to rebut the presumption. This shift in the burden of producing evidence occurs because of the presumption that the Commissioner of the Division of Motor Vehicles has kept accurate records and has made at least a tentative determination of conformity. *Davis v. Commonwealth*, 219 Va. 808, 812-13, 252 S.E.2d 299, 301 (1979).

Bouldin also claims that the trial judge improperly took judicial notice of the conformity of the the Chesterfield County ordinance. We disagree. *See* Code § 8.01-386. We note too that the trial judge acted properly in refusing to allow Bouldin himself, a lay witness, to testify as to the conformity of the Chesterfield County ordinance. *Bond v. Commonwealth*, 226 Va. 534, 537-38, 311 S.E.2d 769, 771 (1984); *Monroe & Monroe, Inc. v. Cowne*, 133 Va. 181, 197, 112 S.E. 848, 854 (1922).

Bouldin's third contention is that Code § 46.1-387.1 *et seq.*, violates the equal protection clause and is therefore unconstitutional. Specifically, he argues that Code § 46.1-387.3 impermissibly favors those persons whose habitual offender status was based in part on a conviction for driving under the influence of alcohol because it allows the court to exercise its discretion in deciding whether to declare such persons habitual offenders when the certification of the DMV transcript was made more than five years after the conviction which triggered the habitual offender proceedings and when such person otherwise was eligible for restoration of his privilege under Code § 46.1-387.9:2. *See* Code § 46.1-387.3. In the instant case certification of the DMV transcript was made on July 23, 1985, slightly more than four years after his third or "triggering" conviction of June 14, 1981. Consequently even if one of Bouldin's three convictions had been for driving under the influence the trial court would have been powerless under Code § 46.1-387.3 to treat Bouldin any differently. Bouldin is, therefore, without standing to raise his equal protection chal-

lenge to the constitutionality of Code § 46.1-387.1 *et seq. Cf. California Bankers Association v. Shultz*, 416 U.S. 21, 67-70 (1974); *Murphy v. California*, 225 U.S. 623, 630-31 (1912); *DeFebio v. County School Board of Fairfax County*, 199 Va. 511, 514, 100 S.E.2d 760, 762-63 (1957), *cert. denied*, 357 U.S. 218 (1958); *Whitaker v. Commonwealth*, 170 Va. 621, 627-29, 195 S.E. 486, 489-90 (1938); *Virginia Electric & Power Co. v. Commonwealth*, 169 Va. 688, 709, 194 S.E. 775, 783 (1938).

Finally, Bouldin contends that the habitual offender proceedings against him were time-barred for three reasons. First, Bouldin argues that the proceeding is barred by the one year limitation period of Code § 19.2-8 which applies to prosecutions "for a misdemeanor, or any pecuniary fine, forfeiture, penalty or amercement." Title 19.2 is placed in the Code under the heading of "Criminal Procedure" and Code § 19.2-8 is entitled "Limitation of prosecutions." An argument similar to appellant's was made in the case of *Quillin v. Commonwealth*, 105 Va. 874, 54 S.E. 333 (1906). In *Quillin*, the Commonwealth elected to proceed against the defendant under the general revenue laws, which had a limitation of two years. The defendant contended that the one year statute of limitations under Code § 3889 (predecessor of Code § 19.2-8) was applicable. The Supreme Court rejected the defendant's argument, stating that "[s]ection 3889 prescribes the limitation with respect to the prosecution of crimes *generally*, including misdemeanors . . . ." *Id.* at 878, 54 S.E.2d at 334.

■ The Supreme Court again discussed the limitation statute in *Eddens v. Eddens*, 188 Va. 511, 50 S.E.2d 397 (1948). The defendant's husband was faced with a civil contempt proceeding for his willful refusal to obey a decree directing him to pay counsel fees and court costs. He invoked the statute then in effect which provided in part that "a prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty or amercement, shall be commenced within one year next after there was cause therefor." *Id.* at 523, 50 S.E.2d at 403. In declining to follow this argument, the Supreme Court stated that "[c]learly this statute has no application to the present proceeding, for this is not a criminal prosecution." *Id.* We decline to apply Code § 19.2-8 because the habitual offender proceedings are civil in nature and not criminal. *Shope v. Commonwealth*, 228 Va. 203, 205, 321 S.E.2d 282, 283 (1984); *Davis v. Commonwealth*, 219 Va. 808, 812, 252 S.E.2d 299, 301

(1979); *accord State v. Renteria*, 59 Or. App. 619, 651 P.2d 1362, 1363 (1982); *State v. Peterson*, 347 N.W.2d 398, 400 (Iowa 1984); *State v. Perreault*, 113 N.H. 588, 311 A.2d 303, 303-04 (1973). In *Huffman v. Commonwealth*, 210 Va. 530, 532, 172 S.E.2d 788, 789 (1970), the Virginia Supreme Court stated that, "the revocation [of a driver's license] is not for the punishment of the offender, but is for the protection of the public in removing from the highways a dangerous driver." Furthermore, the Habitual Offender Act itself contemplates certification after more than five years. *See* Code § 46.1-387.3.

Next, Bouldin argues that the Commonwealth's Attorney failed to file the information "forthwith" as required by Code § 46.1-387.4. Bouldin's DMV transcript was certified on July 23, 1985, and eight days later on July 31, 1985, the Commonwealth's Attorney filed the "information" in the Circuit Court of the County of Chesterfield. Despite some apparent confusion regarding the name of appellant, Thomas David Bouldin, III, and his father, Thomas David Bouldin, Jr., a show cause order against appellant was entered on September 30, 1985. The Virginia Supreme Court has stated that the term "forthwith," in the context of criminal statutes, requires reasonable promptness without unnecessary delay. *Winston v. Commonwealth*, 188 Va. 386, 394, 49 S.E.2d 611, 615 (1948). Using this definition as a guideline, we find that the brief delay by the Commonwealth's Attorney in the instant case does not violate Code § 46.1-387.4. *Accord State v. Garton*, 2 Kan. App.2d 709, 586 P.2d 1386, 1388 (1978); *State v. Ward*, 31 N.C. App. 104, 106-07, 228 S.E.2d 490, 491-92 (1976).

■ Finally, Bouldin argues that the delay of over four years between his last conviction and certification by the Division of Motor Vehicles is unconscionable and that the proceeding should therefore be time-barred. Although we abhor a lengthy delay which allows persons with a demonstrated indifference for the safety and welfare of others to continue to use the public highways of this Commonwealth, we recognize that certain delays are unavoidable. Furthermore, as we noted previously, the Virginia legislature apparently considered the fact that habitual offender proceedings might be initiated more than five years after the offender's last conviction, yet it declined to include any limitations period in the Habitual Offender Act. *See* Code §§ 46.1-387.3 and 8.01-231.

Code § 8.01-231 provides that "[n]o statute of limitation which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same." Since the Department of Motor Vehicles is not incorporated for charitable or educational purposes, this section is applicable to this case. The Habitual Offender Act contains no such explicit limitation provision and Code § 46.1-387.3, as previously stated, contemplates habitual offender proceedings taking place "more than five years" after the conviction which triggers the proceeding. We therefore find that the proceeding is not time-barred by any statute of limitation.

For the foregoing reasons, we affirm.

*Affirmed.*

Barrow, J., and Moon, J., concurred.