## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Ronald Lee Robertson

October 2, 1990

Case No. (Law) 97899

By JUDGE THOMAS S. KENNY

Mr. Borgna has asked me to reconsider my order of September 6, 1990, declaring his client, Mr. Robertson, an habitual offender under Article 9 of Title 46.2 of the Code of Virginia.

Between 1985 and 1989, Mr. Robertson had been convicted three times of driving while intoxicated. The third time he was also convicted of driving on a suspended operator's license. As part of a plea bargain with the prosecuting attorney on his third conviction, he was treated as if it were a first offense and sentenced to, among other things, a six-month suspension of his license. At the expiration of the six-month period, Mr. Robertson's license was reinstated by the Commissioner of the Division of Motor Vehicles on May 17, 1990. Five days later, the Commissioner filed the certificate with the Commonwealth's Attorney which resulted in this habitual offender proceeding.

Mr. Robertson's motion to reconsider is based on two grounds: first, the Commonwealth may not use the third DWI conviction as a predicate offense because it was treated by the convicting court as a first offense, and the plea bargain therein precludes any further punishment of Mr.

Robertson; and second, the Commonwealth waived its right to initiate habitual offender proceedings against Mr. Robertson by reissuing his license after the period of suspension.

The first argument is easily disposed of. Treating a DWI as a second or subsequent offense goes to the *punishment* of the crime and does not reflect a difference in the crime itself. Drunk driving is drunk driving, whether it is the first or fiftieth time. It makes no difference what punishment was imposed for a predicate offense, so long as the conviction was for an offense of the type listed in § 46.2-351. The predicate offenses here are all of that type and satisfy the requirements of the statute.

Furthermore, the existence of a plea bargain has no bearing on this case. The plea bargain relates to the criminal punishment to be imposed for that particular crime. Habitual offender status, however, is a civil penalty separate and apart from criminal proceedings. I quite agree with Mr. Borgna that I cannot go back and punish Mr. Robertson some more for any of the predicate offenses; what I am doing is merely determining Mr. Robertson's status under an entirely separate statutory scheme.

The issue of waiver by reason of a reissuance of Mr. Robertson's license subsequent to his third predicate offense and prior to the initiation of this proceeding is also decided against Mr. Robertson. The Commissioner has the discretion under § 46.2-311 to refuse to reissue a license at the end of a suspension period if he deems it necessary for the safety of the public. The Commissioner has no discretion, however, about initiating an habitual offender proceeding; he "shall" issue the certificate required under § 46.2-352, which the Commonwealth's Attorney is required to use (§ 46.2-353) to start the proceeding against an alleged habitual offender. It is then up to the Circuit Court to determine the offender's status.

The Commissioner's administrative determination to reissue or renew a license may not deprive this court of its statutory obligation to determine an offender's status under an entirely different portion of the motor vehicle laws.

This conclusion is supported by the fact that there is no time limit on when the Commissioner may issue the

certificate under § 46.2-352.[1] *Bouldin v. Commonwealth*, 4 Va. App. 166 (1987). It is thus possible for several license renewals to have occurred before an habitual offender proceeding may be initiated. Had the General Assembly intended the possibility of habitual offender status to be precluded by the simple administrative act of issuing a new or renewal license, I think it would have said so.

Accordingly, the motion to reconsider is denied.

[1] Note, however, that the circuit court has the discretion to refuse to enter an habitual offender order if the certification is made more than five years after the most recent predicate offense.