**Salem**

COMMONWEALTH OF VIRGINIA

v.

HARVEY LEE DALTON, JR.

No. 1790-89-3

Decided February 5, 1991

Counsel

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General; Eric K. G. Fiske, Assistant Attorney General, on brief), for appellant.

Randolph D. Eley, Jr., for appellee.

Opinion

**COLEMAN, J.**—The Commonwealth appeals the decision of the Circuit Court of Pulaski County holding that the evidence failed to prove Harvey Lee Dalton, Jr., to be an habitual offender. *See* Code §§ 46.1-387.1 through 387.12 (now Code §§ 46.2-351 through 46.2-363). The Commonwealth argues that, pursuant to Code § 46.1-387.3 (now Code § 46.2-352), the evidence established a *prima facie* case that Harvey Lee Dalton, Jr., the person named in the Department of Motor Vehicles (DMV) record and abstracts of conviction, had been convicted of the requisite offenses to be declared an habitual offender and that Dalton, having denied "the facts as stated therein, [had] the burden of proving the fact is untrue," which he failed to do.

We agree with the Commonwealth that the evidence established a *prima facie* case and that Dalton failed to go forward with evidence to prove untrue that he was the Harvey Lee Dalton, Jr., who was shown by the DMV record and abstract to have been convicted in the General District Court of Pulaski County on January 12, 1982, of "Driving Drunk."

In its order, the trial court expressly found that two of the convictions shown in the DMV record and abstracts certified by the Commonwealth pertained to the Harvey Lee Dalton, Jr., named in the information. The court also found, however, that the second listed conviction, according to the abstract, did not pertain to him because the social security number prefix was listed as "255,"

when, in fact, Dalton's social security number prefix is "235." In addition, because the summons, of which the abstract was a part, named Harvey Lee Dalton without specifying "Jr.," the court found the evidence insufficient to declare Harvey Lee Dalton, Jr., to be an habitual offender. We hold that the Commonwealth complied with Code § 46.1-387.3 (now Code § 46.2-352) and established a *prima facie* case that Dalton was an habitual offender. We further hold that no evidence was introduced or appeared of record which was sufficient to rebut the presumption or prove the fact untrue that Harvey Lee Dalton, Jr., shown by the certified DMV record and abstract, was the same Harvey Lee Dalton, Jr., named in the information. Accordingly, we reverse the trial court and remand the proceeding for entry of an order in accordance with this holding.

The certified DMV record contained one abstract of conviction which showed that Harvey Lee Dalton, Jr., (the abstract showed that the name "Harry" had been interlined at some unspecified time and "Harvey" written in above), a white male who lived at 135 West Main Street, Pulaski, Virginia, with a birthdate of February 2, 1954, was convicted of driving drunk. No social security number was listed on that abstract. A second abstract of conviction showed that Harvey Lee Dalton, a white male who lived in Pulaski, Virginia, with a birthdate of February 2, 1954, and a social security number of 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, was convicted of driving on a suspended license. A third abstract of conviction, which is the one in controversy, showed that Harvey Lee Dalton, Jr., a white male who lived at 135 West Main Street, Pulaski, Virginia, was convicted of driving drunk. The birthdate on this abstract is not entirely legible, but the year, "54," is clear. Also, the abstract was not clearly legible as to one digit of the social security number, whether it read "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" or whether it was "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," the latter being the social security number which corresponded to the number shown for Harvey Lee Dalton, Jr., in one of the other abstracts. The trial court made a factual determination that the listed social security number in the abstract was "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," ruling that it was not the social security number for Harvey Lee Dalton, Jr., because it did not correspond by one digit to the social security number listed for Dalton in one of the other abstracts. Based on the discrepancy which the court found in the social security number and because the copy of the summons which was part of the abstract did not "show the name of '*Jr.*' " even though

the abstract did, the court declined to declare Harvey Lee Dalton, Jr., an habitual offender.

 "[T]here is a presumption that public officers have properly discharged their duties and faithfully performed those matters with which they are charged." *Brush v. Commonwealth*, 205 Va. 312, 316, 136 S.E.2d 864, 867 (1964). The Commissioner of the Department of Motor Vehicles is presumed to have kept accurate records. *Bouldin v. Commonwealth*, 4 Va. App. 166, 169, 355 S.E.2d 352, 354 (1987). We must presume that the DMV performed its statutory duties by accurately entering into Dalton's driving record the information from the original documents which it received. We acknowledge that the DMV record or abstracts may contain intrinsic information which on its face either refutes or is insufficient to establish the *prima facie* case. Here, however, the record and abstract show that Harvey Lee Dalton, Jr., the identical name of the person charged in the information, was convicted of the requisite offenses. This information was sufficient to establish a *prima facie* case. In addition, the address and date of birth on the various abstracts for Dalton correspond. The DMV record and abstracts of convictions certified by the Commissioner established a *prima facie* case that Harvey Lee Dalton, Jr., was an habitual offender as defined by Code § 46.1-387.2 (now Code § 46.2-351).

 "*Prima facie* evidence is evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted. It imports that the evidence produces for the time being a certain result, but that the result may be repelled." *Babbitt v. Miller*, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951). The Commonwealth met its burden of proving by a preponderance of the evidence, *Bouldin*, 4 Va. App. at 169, 355 S.E.2d at 354, that Harvey Lee Dalton, Jr., was an habitual offender by producing the certified DMV transcript that a Harvey Lee Dalton, Jr., the person named in the information, had been convicted of the requisite offenses within the specified time. Dalton did not file any pleading denying the allegations in the information, nor did he testify and deny that he was the person convicted of the requisite offense.

Dalton offered no independent evidence to refute the *prima facie* showing that he was an habitual offender or to prove untrue that he was the Harvey Lee Dalton, Jr., convicted of the specified

offenses or that the convictions were not for offenses specified in Code § 46.1-387.1 (now Code § 46.2-351). Pointing out that the name on a summons failed to specify "Jr." and that one digit of a social security number may not have corresponded was not sufficient to overcome the *prima facie* showing established by the statute. In civil proceedings of this type, when the complainant establishes a *prima facie* case, it is entitled to a judgment in its favor unless the defendant comes forward with evidence to refute an element of the complainant's case. Dalton did not do so.

Accordingly, the trial court was not justified in rejecting the DMV certification. Because Dalton failed to refute the *prima facie* showing, we reverse the decision of the trial court and hold that Dalton is an habitual offender. We remand the case to the trial court for entry of an order in accordance with this decision.

*Reversed and remanded.*

Moon, J., and Willis, J., concurred.