COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

WILLIAM J. MARSHALL

v.          Record No. 0359-94-4          MEMORANDUM OPINION[*] BY
                                           JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                          MAY 2, 1995

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Jr., Judge

William P. Shea, Jr. (Duvall, Harrigan, Hale & Hassan, P.L.C., on brief), for appellant.

Michael T. Judge, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.


William J. Marshall (defendant) was adjudged an habitual offender by the trial court pursuant to Code § 46.2-351.  On appeal, defendant complains that the court erroneously considered a 1986 DUI conviction as one of three necessary predicate offenses.  Defendant argues that this conviction was void because it was based upon an invalid local ordinance and, therefore, the adjudication was unsupported by the evidence.  We disagree and affirm the order.

The parties are fully conversant with the record in this case, and we recite only those facts necessary to explain our holding.

Code § 46.2-351 provides that predicate offenses for an habitual offender adjudication include violations "under any valid county, city, or town ordinance paralleling and substantially conforming to" Code § 18.2-266.  Code § 46.2-351 (emphasis added).  The proceedings are civil in nature, and the Commonwealth has the burden of proving by a preponderance of the evidence that defendant

_____
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

suffered the three requisite convictions.  Moffitt v. Commonwealth, 16 Va. App. 983, 986, 434 S.E.2d 684, 687 (1993); see Code § 46.2-351.  The Commonwealth establishes a "prima facie presumption" that the convictions are valid "by introducing the certified DMV transcript listing the . . . convictions."  Moffitt, 16 Va. App. at 986, 434 S.E.2d at 687.  "Once the Commonwealth has established a prima facie case, it is entitled to judgment, unless [defendant] goes forward with evidence that refutes an element of the Commonwealth's case or rebuts the prima facie presumption."  Id. (citation omitted).

The conviction in dispute was based upon Fairfax City Ordinance 1986-31.[1]  A copy of the ordinance, introduced into evidence by defendant without objection, provides, in pertinent part, that it "shall become effective immediately upon its execution by the Mayor."  The copy reflects the following dates: "INTRODUCED" June 24, 1986, "PUBLIC HEARING" July 1, 1986, and "ADOPTED" July 1, 1986.  The Mayor's attested but undated signature appears on the face of the ordinance.  In an attachment, the City Clerk certified that the referenced ordinance "was in effect on July 1, 1986."

A "statute speaks as of its effective date."  Board of Supervisors v. Wood, 213 Va. 545, 547, 193 S.E.2d 671, 673 (1973). Thus, "as a general proposition of law . . . until the time arrives for a statute to take effect, all acts purporting to have

---

[1]Fairfax City Ordinance 1986-31 incorporates by reference Code § 18.2-266.

been done under it are null and void."  Burks v. Commonwealth, 126 Va. 763, 767, 101 S.E. 230, 231 (1919).

Defendant contends that the undated Mayor's signature leaves the ordinance without an effective date.  However, this argument overlooks the unchallenged certification of the City Clerk, which accompanied the copy of the ordinance into evidence.  When this evidence is properly considered, the trial court's determination "that the ordinance was signed on or around July 1, 1986" is supported by the record.

Accordingly, defendant failed to rebut the Commonwealth's prima facie case that all requisite predicate convictions were valid, and the order is affirmed.

Affirmed.