COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia

VINCENT LLOYD VIRGIL STAUP
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2897-95-4      JUDGE JOHANNA L. FITZPATRICK
                                       OCTOBER 22, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CLARKE COUNTY
                     James L. Berry, Judge

        James A. Drown (Larrick, Larrick & Drown,
        P.C., on brief), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Following a bench trial, Vincent Lloyd Virgil Staup
(appellant) was adjudged to be an habitual offender pursuant to
Code § 46.2-351.  Appellant contends that the trial court erred
in using a 1990 West Virginia conviction as one of his predicate
convictions because it did not substantially conform to the
provisions of Virginia law by failing to specify under which
statutory section he was convicted.  Finding no error, we affirm.

     On August 7, 1995, the Circuit Court of Clarke County
declared appellant to be an habitual offender pursuant to Code
§ 46.2-351.  The predicate convictions for the determination were
three driving while intoxicated convictions:  (1) the West
Virginia conviction of December 6, 1990 which is the subject of

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

controversy in this appeal; (2) a Virginia conviction of August 8, 1991; and (3) a Maryland conviction of January 3, 1995.

The trial court specifically found that § 17C-5-2(d) of the West Virginia Code substantially conformed to Code § 18.2-266. The evidence supporting the West Virginia conviction consisted of a copy of the Uniform Traffic Ticket and Complaint, appellant's criminal case history, and a certified transcript from the Department of Motor Vehicles.[1]

This case is factually indistinguishable from and controlled by our decision in Honaker v. Commonwealth, 19 Va. App. 682, 454 S.E.2d 29 (1995). The other state's law does not have to "substantially conform in every respect to Code § 18.2-266." Rather, in order to adjudicate a defendant an habitual offender based upon a conviction from another state, "[o]nly that prohibition of the other state's law under which the person was convicted must substantially conform [to Code § 18.2-266]." Honaker, 19 Va. App. at 684, 454 S.E.2d at 30 (citations omitted). The record in this case clearly established the nature of appellant's conviction for "DUI (.121) w/ accident." This fact was unrebutted.

The Commonwealth established a "prima facie presumption" that the convictions are valid "by introducing the certified DMV

_____

[1]The Uniform Traffic Ticket and Complaint showed that on December 1, 1990, appellant was charged with "DUI (.121) w/accident" in violation of West Virginia Code § 17C-5-2, and "Failure to Maintain Control" in violation of West Virginia Code § 17C-6-1.

transcript listing the three requisite convictions against [defendant]."  Moffitt v. Commonwealth, 16 Va. App. 983, 986, 434 S.E.2d 684, 687 (1993).  "Once the Commonwealth has established a prima facie case, it is entitled to judgment, unless [defendant] goes forward with evidence that refutes an element of the Commonwealth's case or rebuts the prima facie presumption."  Id. "This shift in the burden of producing evidence occurs because of the presumption that the Commissioner of the Division of Motor Vehicles has kept accurate records and has made at least a tentative determination of conformity."  Bouldin v. Commonwealth, 4 Va. App. 166, 169, 355 S.E.2d 352, 353 (1987) (citing Davis v. Commonwealth, 219 Va. 808, 812–13, 252 S.E.2d 299, 301 (1979)).

Appellant produced no evidence that as a matter of law rebutted the Commonwealth's prima facie case.  Accordingly, the trial court did not err in considering appellant's West Virginia conviction to be a predicate conviction for purposes of adjudging appellant an habitual offender.

Affirmed.