COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


PAUL HARTMAN, S/K/A
 PAUL D. HARTMAN

MEMORANDUM OPINION[*] BY
v.        Record No. 1161-02-3        JUDGE JEAN HARRISON CLEMENTS
                                      FEBRUARY 10, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

B. Leigh Drewry, Jr. (Cunningham & Drewry, on brief), for
appellant.

Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Paul Hartman was convicted in a bench trial of having written a check on May 8, 2001,

without sufficient funds for its payment, in violation of Code § 18.2-181.  On appeal, Hartman

contends the evidence was insufficient to sustain his conviction.  Finding no error, we affirm the

conviction.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

In accordance with familiar principles of appellate review, we "state the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below."  Johnson v. Commonwealth, 259 Va. 254, 262, 529 S.E.2d 769, 773 (2000).  On May 8, 2001, Hartman bought shingles from Hill Hardware in Amherst County.  Hartman did not have an account at Hill Hardware and paid for the shingles with a check.  Hill Hardware employee Amanda Marie Placer accepted check number 1483 from Hartman for the purchase of the shingles, and Walter Wills Turner, III, treasurer of Hill Hardware, delivered the shingles to Hartman's work site that day.  When Turner submitted Hartman's check to the bank, it was returned for insufficient funds.

At trial, Turner identified Hartman and the check he tendered for payment of the shingles on May 8, 2001.  The check, which was introduced into evidence, was drawn on an F&M bank account titled "Hartman's Home Improvement, 804-277-5113, 42 Harper Creek Lane, Tyro, VA, 22976" and was made payable to "Hill Hardware Corp." in the amount of $492.20.  It bears the drawer's signature of "Paul D. Hartman," and a bank-stamp on its face indicates it was denied for "Insufficient Funds."

Upon receipt of the returned check, Turner sent a letter requesting payment to Hartman at the address on the face of the check.  The letter, which was posted on June 12, 2001, and sent by certified mail, went unclaimed after three attempted deliveries and was returned to Hill Hardware on July 9, 2001.  Turner obtained a criminal warrant on July 13, 2001.  Hartman was arrested on August 15, 2001.  On August 29, 2001, Hartman returned to Hill Hardware and paid the amount due on the check and a $20 service fee charged by the store.

Testifying in his own defense, Hartman admitted he gave check number 1483 to Hill Hardware on May 8, 2001, as payment for the shingles he purchased that day, but denied he intended "to steal anything" from the store.  Hartman testified that he deposited approximately

$2,700 into his bank account on May 7, 2001, and believed, when he wrote check number 1483 on May 8, 2001, that he had sufficient funds in the account to cover it. He denied receiving a "slip" indicating he had a certified letter from Hill Hardware, although he acknowledged that the store's letter requesting payment was sent to his correct address. Hartman also admitted that Hill Hardware had telephoned him prior to his arrest to inform him that payment on the check had been refused.

Hartman presented, and the trial court admitted into evidence, his bank account statements for the months of April and May 2001. The April statement shows that Hartman had four checks returned that month for insufficient funds, for which he was charged overdraft fees. On cross-examination, the Commonwealth's Attorney, referring Hartman to the returned checks and overdraft charges on the April statement, asked Hartman if he was "behind before [he] ever got to May." Hartman answered, "Yes, sir, evidently. I'm not sure." The ending balance for April was $1,694.49. The May statement showed that, although Hartman made deposits of $655.50 and $2,773 on May 7, 2001, on May 10, 2001, when check number 1483 was returned, the account had a balance insufficient to pay the check. In addition, from May 10, 2001 through May 31, 2001, the account had a negative balance. Check number 1483 was returned again on May 18 and May 19, 2001.

Hartman argued that the trial court should find that, "while he may be a terrible bookkeeper, at one point he had sufficient funds in the account and there's no intent to permanently deprive or steal from somebody." The Commonwealth responded that Hartman's own evidence in the April and May bank statements, which showed him to have been repeatedly overdrawn, were inconsistent with his claim that he believed that he had sufficient funds. The trial court, finding that Hartman had a total of $7,714 in the account in May against which he wrote checks amounting to $8,174, resulting in a negative balance, convicted Hartman as charged in the indictment. At sentencing, Hartman made an oral motion to reconsider, arguing that the court should confine its analysis of the

evidence to his state of mind and the circumstances of his account on May 8, 2001. The trial court overruled the motion and sentenced Hartman accordingly.

## II. ANALYSIS

On appeal, Hartman contends the trial court (1) improperly relied upon the presumption in Code § 18.2-183, in the absence of evidence to show an intent to defraud or knowledge of his insufficient funds, and thereby imposed upon him a burden to disprove the offense, in violation of Sandstrom v. Montana, 442 U.S. 510 (1979); (2) erred when it considered his bank transactions for the entire month of May 2001, rather than considering only the May 8 bank balance; (3) erred in finding the Commonwealth proved beyond a reasonable doubt that he intended to defraud Hill Hardware by writing a check to the store knowing he had insufficient funds in the bank for payment.

Hartman never made a motion to strike the evidence at trial. In his summation, Hartman's attorney never claimed that the trial court was improperly relying upon Code § 18.2-183 where the evidence was otherwise insufficient and that the trial court was improperly shifting the burden of proof in violation of Sandstrom. He argued only that the trial court should conclude that, based on Hartman's evidence, a "reasonable doubt" existed regarding his intent to defraud and his knowledge that his funds were insufficient. Pursuant to Rule 5A:18, we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The same specific argument must have been raised at trial before it can be considered on appeal. Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978). Consequently, we conclude that Hartman is procedurally barred from raising this claim on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

We conclude that Hartman's second argument is also barred on appeal. Hartman advanced this argument to the trial court in his oral motion to reconsider at sentencing. Then and now he contends the trial court erred in analyzing the evidence for the entire month of May 2001 because the statute required the court to look at the time period before and including May 8, 2001, the day the check was written. However, the entirety of his April and May 2001 bank statements were introduced into evidence on Hartman's motions in support of his argument at trial that a reasonable doubt existed regarding his intent to defraud and his knowledge that his funds were insufficient. "'No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own wrong.'" Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)).

Hartman next argues that the Commonwealth failed to prove beyond a reasonable doubt that he intended to defraud Hill Hardware and that he knew he did not have sufficient funds when he wrote the check. We disagree with Hartman.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

As relevant to the facts of this case, to convict Hartman of larceny by bad check, in violation of Code § 18.2-181, the Commonwealth was required to prove beyond a reasonable doubt that

Hartman knew he did not have funds in his checking account to cover his $492.20 check, number

1483, to Hill Hardware and that he wrote the check with this knowledge for the purpose of

defrauding Hill Hardware.  See Code § 18.2-181.  Recognizing the difficulty of proving intent to

defraud and knowledge of insufficient funds, the General Assembly enacted the *prima facie*

evidence presumption embodied in Code § 18.2-183 to aid the Commonwealth's proof of these two

elements of the offense.  See Bagheri v. Commonwealth, 12 Va. App. 1071, 1074, 408 S.E.2d 259,

262 (1991).  The relevant part of Code § 18.2-183 provides:

> In any prosecution or action under the preceding sections, the making or drawing or uttering or delivery of a check, draft, or order, payment of which is refused by the drawee because of lack of funds or credit shall be prima facie evidence of intent to defraud or of knowledge of insufficient funds in, or credit with, such bank, banking institution, trust company or other depository unless such maker or drawer, or someone for him, shall have paid the holder thereof the amount due thereon, together with interest, and protest fees (if any), within five days after receiving written notice that such check, draft, or order has not been paid to the holder thereof.  Notice mailed by certified or registered mail, evidenced by return receipt, to the last known address of the maker or drawer shall be deemed sufficient and equivalent to notice having been received by the maker or drawer.

> If such check, draft or order shows on its face a printed or written address, home, office, or otherwise, of the maker or drawer, then the foregoing notice, when sent by certified or registered mail to such address, with or without return receipt requested, shall be deemed sufficient and equivalent to notice having been received by the maker or drawer, whether such notice shall be returned undelivered or not.

The *prima facie* evidence rule in Code § 18.2-183 creates a rebuttable presumption that

permits the fact finder to conclude that intent and knowledge have been proven beyond a reasonable

doubt from the evidence of an accused's failure to pay a denied check within five days after

receiving written notice that the check was denied for insufficient funds.  Id.  If the check is mailed

by certified mail to the address printed on the face of the check, Code § 18.2-183 does not

require that the accused accept delivery of the notice.  The presumption serves to put the burden

on the accused to introduce evidence to explain or excuse his actions. See Johnson v. Commonwealth, 188 Va. 848, 855, 51 S.E.2d 152, 155 (1949). Whether the evidence of the accused has successfully rebutted the presumption is a question for the fact finder to determine. See Moffitt v. Commonwealth, 16 Va. App. 983, 987, 434 S.E.2d 684, 687 (1993).

Here, the Commonwealth made a *prima facie* showing of the requisite intent and knowledge when it proved (1) Hill Hardware sent by certified mail a written demand for payment on the denied check to the printed address on the face of check number 1483 and (2) Hartman did not make payment on that check within five days after receiving such notice. Although Hartman testified and presented evidence to show that he did not intend to defraud Hill Hardware and did not know there were insufficient funds in his account to pay the check, the trial court was entitled to reject Hartman's evidence and accept the inferences available to it under Code § 18.2-183. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The trial court was also entitled, in considering Hartman's intent and knowledge when writing the check, to take into account the evidence presented at trial that Hartman refused to claim the certified letter from Hill Hardware three times; that he failed to pay the check until two weeks after his arrest, despite having been informed by the store of the check's status prior to his arrest; that he was aware, having written several checks in April that were not paid by the bank because of insufficient funds in his account, that he was "behind before [he] ever got to May"; and that his account had a negative balance from May 10, 2001, through May 31, 2001.

We conclude that, on the basis of the evidence before it, the trial court could properly find that Hartman failed to rebut the presumption arising under Code § 18.2-183 that he wrote

check number 1483 on May 8, 2001, with the intent to defraud Hill Hardware, knowing he did not have sufficient funds in his account to pay the check.  Hence, we hold that the evidence was sufficient to prove beyond a reasonable doubt that Hartman committed the charged offense.

Accordingly, we affirm Hartman's conviction.

<u>Affirmed.</u>