COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


JOHN DOBBS BELLINGER
                                        OPINION BY
v.        Record No. 0845-95-1    JUDGE JERE M. H. WILLIS, JR.
                                        NOVEMBER 19, 1996
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                Robert B. Cromwell, Jr., Judge

        Gerard T. Schafer (J. Russell Fentress, IV;
        Schafer & Russo; Goss, Meier, Fentress &
        Gutterman, on brief), for appellant.

        Margaret Ann B. Walker, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


        John Dobbs Bellinger was convicted in a bifurcated jury
trial of voluntary manslaughter and was sentenced in accordance
with the jury's verdict to serve ten years in the penitentiary.
On appeal, he contends that the trial court erred in admitting
into evidence, at the sentencing phase of his trial, three
disposition records for bad check offenses, because they did not
constitute "record[s] of conviction[s]" admissible under Code
§ 19.2-295.1.  We reverse the judgment of the trial court and
remand the case for resentencing.

        Code § 19.2-295.1 provides in pertinent part,
                In cases of trial by jury, upon a finding
                that the defendant is guilty of a felony, a
                separate proceeding limited to the
                ascertainment of punishment shall be held as
                soon as practicable before the same jury.  At
                such proceeding, the Commonwealth shall
                present the defendant's prior criminal
                convictions by certified, attested or

> exemplified copies of the record of
> conviction . . . ."

At the sentencing phase of Bellinger's trial, the trial court admitted into evidence three documents, which the Commonwealth contended were prior orders of conviction.  Each document was on a form designated "FORM DC-316 12/82 (114 2-102 4/84)."  Each document set forth on its first page a warrant of arrest charging Bellinger with a criminal bad check violation, Code § 18.2-181, Bellinger's personal description, and an executed form noting his arrest.  The second page of each document set forth a form whereon could be noted the incidents of trial and disposition of the charge.  The form provided a place for the trial judge's signature.  Specifically provided on that form were places to note the presence or absence of the accused, his plea, the presence of counsel for the Commonwealth and the accused, disposition of the charge and the sentence imposed upon a finding of guilt (fine, incarceration, probation, etc.).  On each of the documents tendered by the Commonwealth, all of the listed items were left blank.  None of the documents was signed or dated by the trial judge.  To the right of each form trial order was a monetary listing.  This listing on each document showed a fine, items of cost, and a total.  At the foot of each monetary listing was a block noted, "date paid."  Each block had a date noted and to the right of each block was a receipt number. The monetary itemizations were not signed.

Attached to each warrant form was a copy of a check

appearing to relate to the charge.  Attached also to each warrant was a "misdemeanor cover sheet" containing a printed form whereon were notations relating to bail and continuances.  On each form, at the place provided for "final disposition," is the stamped notation, "NO.  JAIL 19.2-160."  On each misdemeanor cover sheet, at the place provided for "Presiding Judge:" appear the printed initials, "RLS."

The record contains no other notation of disposition and no formal order of conviction with respect to any of the three charges.

Code § 16.1-129 permits a criminal charge to be tried on a warrant in a court not of record.  However, neither that code section nor Chapter 7 of Title 16.1 (Code § 16.1-123.1, et seq.) provides the manner in which judgments thus rendered are to be memorialized.  For those requirements we look to Title 19.2, which governs criminal procedure generally in the courts of the Commonwealth.  See the definition of "court" set forth in Code Section 19.2-5.

Code § 19.2-307 sets forth the required contents of a judgment order in a criminal trial, as follows:

> The judgment order shall set forth the plea, the verdict or findings and the adjudication and sentence, whether or not the case was tried by jury, and if not, whether the consent of the accused was concurred in by the court and the attorney for the Commonwealth.  If the accused is found not guilty, or for any other reason is entitled to be discharged, judgment shall be entered accordingly.

- 3 -

The provisions relating to trial by jury are not applicable to district court proceedings. However, the other findings required by Code § 19.2-307 are mandatory. The documents submitted in Bellinger's trial as orders of conviction failed, in every respect, to satisfy those requirements.

Expressing doubt as to the sufficiency of the tendered documents to constitute "record[s] of conviction[s]," the trial court concluded that they were, nevertheless, evidence of convictions and admitted them on that basis. Pursuing this argument, the Commonwealth contends that the notation of a fine and costs and of a "date paid" in each monetary listing is evidence of a conviction and of the imposition of a fine. We find this argument unpersuasive. The record does not disclose the authorship of the notations, whether they were made by a person authorized to do so, or whether they were made as a result of a rendered judgment or merely in anticipation of judgment. Furthermore, even if the notation of a fine and costs is suggestive of a conviction, it remains nonetheless silent as to the nature of that conviction.

Code § 19.2-295.1 provides for the admissibility of "record[s] of conviction[s]," not records of accusation. The documents received in this case were no more than the latter.

The judgment of the trial court is reversed, and this case is remanded to it for resentencing.

<u>Reversed and remanded.</u>