COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


MICHAEL CAROLL McBRIDE, S/K/A
 MICHAEL CARROLL McBRIDE
                                          OPINION BY
v.        Record No. 2491-95-3      JUDGE LARRY G. ELDER
                                       JANUARY 21, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CRAIG COUNTY
                 Duncan M. Byrd, Jr., Judge


          Charles R. Allen, Jr., for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Michael Carroll McBride (appellant) appeals his conviction

by the Craig County Circuit Court (trial court) of a second

offense of driving under the influence.  Code §§ 18.2-266,

18.2-270.  He contends that he cannot be subjected to the

enhanced penalty of Code § 18.2-270 because the evidence was

insufficient to prove that he was previously convicted for

violating Code § 18.2-266.  For the reasons that follow, we

reverse and remand.

                              I.

                            FACTS

     On March 17, 1995, appellant was arrested and charged with

committing his second offense in the past ten years of driving

under the influence in violation of Code § 18.2-266.  Appellant

was convicted as charged by the Craig County General District

Court on May 23, 1995 and appealed to the Craig County Circuit Court (trial court).

At his trial on October 11, the Commonwealth attempted to prove that appellant had a previous conviction under Code § 18.2-266 by offering a certified copy of a record from the City of Roanoke General District Court (district court) regarding a trial held on August 11, 1986. The document was a warrant of arrest that charged appellant with violating Code § 18.2-266 on April 13, 1986. The second page of the warrant contained a printed form upon which the district court purportedly indicated the proceedings subsequent to appellant's arrest. This form was signed by the district court judge and indicated that appellant had pleaded not guilty. It also indicated that the district court judge had sentenced appellant to thirty days in jail, imposed a fine of $300, and suspended his driver's license for six months, all suspended on the condition that appellant enter and complete an alcohol safety action program. However, the form was left blank where it stated:

> [The Accused] was TRIED and FOUND by me
> __ not guilty
> __ guilty as charged
> __ guilty of

The Commonwealth offered no other evidence to prove the prior conviction.

Appellant moved to strike the Commonwealth's evidence on the ground that the Commonwealth had failed to prove a prior conviction under Code § 18.2-266. Appellant argued that the

warrant pertaining to the prior proceeding did not indicate that appellant was tried and found guilty of violating Code § 18.2-266. The trial court denied appellant's motion and found him guilty of a second violation of Code § 18.2-266.

## II.

### SUFFICIENCY OF THE EVIDENCE OF A PRIOR CONVICTION

Appellant contends that the evidence was insufficient to prove that he was previously convicted under Code § 18.2-266. We agree.

Code § 18.2-270 sets forth the penalties for a defendant convicted of driving while intoxicated or under the influence in violation of Code § 18.2-266. Code § 18.2-270 establishes an enhanced penalty for repeat offenders and states in relevant part:

> Any person convicted of a second offense committed within a period of five to ten years of a first offense under § 18.2-266 shall be punishable by a fine of not less than $200 nor more than $2,500 and by confinement in jail for not less than one month nor more than one year.

As with all elements of a crime, the burden is on the Commonwealth to prove the prior conviction beyond a reasonable doubt. Ellet v. Commonwealth, 174 Va. 403, 413, 4 S.E.2d 762, 766 (1939); see James v. Commonwealth, 18 Va. App. 746, 752, 446 S.E.2d 900, 903 (1994); Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979). While "the most efficient way to prove the prior . . . conviction is to offer in evidence an

authenticated copy of the prior order of conviction," Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994), the prior conviction may be proved by any competent evidence. 39 Am. Jur.2d Habitual Criminals § 27 (1968); see Griswold v. Commonwealth, 19 Va. App. 477, 483, 453 S.E.2d 287, 290 (1995), rev'd on other grounds, 21 Va. App. 22, 25, 461 S.E.2d 411, 412 (1995) (en banc) (rev'd on other grounds, 252 Va. 113, 472 S.E.2d 789 (1996)) (stating that the mere fact that printed spaces on reverse side of warrant were not clearly marked is not determinative of whether defendant had a counseled prior conviction if the Commonwealth produces other competent evidence).

We hold that the evidence was insufficient to establish that appellant was previously convicted of violating Code § 18.2-266. [W]hen the question of the sufficiency of the evidence is raised on appellate review, we must determine whether a reasonable fact finder could have found from the evidence before it that guilt had been proved beyond a reasonable doubt. Furthermore, when reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth, granting all reasonable inferences fairly deducible from

the evidence.

Crump v. Commonwealth, 20 Va. App. 609, 617, 460 S.E.2d 238, 241-42 (1995).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The evidence was insufficient to establish a prior conviction because the warrant regarding the previous proceeding did not indicate that appellant was convicted under Code § 18.2-266, and the Commonwealth offered no other competent evidence.  When a court not of record tries a defendant on a criminal charge, it is required to memorialize its judgment by setting forth "[the defendant's] plea, [the court's] verdict or findings and the adjudication and sentence."  Code § 19.2-307; see Bellinger v. Commonwealth, 23 Va. App. 471, 474, 477 S.E.2d 779, 780 (1996).  While the warrant regarding the prior proceeding states that appellant pleaded not guilty to the charge of violating Code § 18.2-266 and that the court imposed a sentence, the warrant fails to state that the court found appellant guilty of violating Code § 18.2-266.  A court speaks through its orders and those orders are presumed to accurately reflect what transpired.  See Waterfront Marine Const, Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B and C, 251 Va.

417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996).  Because the Commonwealth offered no evidence to rebut the presumption arising from the warrant that appellant was not found guilty of violating Code § 18.2-266, we hold that the trial court's conclusion that appellant had a prior conviction lacked evidence to support it. See Bellinger, 23 Va. App. at 474-75, 477 S.E.2d at 780-81 (holding that the evidence was insufficient to prove prior convictions by the district court when the printed forms on reverse side of warrants were unsigned and did not set forth either the defendant's plea or the court's verdict and sentence); Walthall v. Commonwealth, 3 Va. App. 674, 678-79, 353 S.E.2d 169, 171 (1987) (holding that the evidence was insufficient to prove criminal conviction of nonsupport by the juvenile and domestic relations court when the printed form on the reverse side of the original nonsupport complaint was not used).

The Commonwealth contends that the warrant was sufficient to prove that appellant had a prior conviction because the sentence written on the warrant is consistent with that generally imposed on a person convicted of violating Code § 18.2-266, and the district court judge is presumed to have discharged his duties in accordance with the law.  We disagree.  The Commonwealth's reasoning actually undermines its argument.  If we presume that the district court judge in the prior case lawfully discharged his duties, then his failure to indicate on the warrant that he found appellant guilty under Code § 18.2-266 correctly represents

his legal judgment. On the other hand, if we accept, as the Commonwealth argues, that the judge merely neglected to complete the printed form, then the presumption that the trial judge correctly discharged his duties is rebutted. Thus, in order to reach the Commonwealth's conclusion that a prior conviction under Code § 18.2-266 may be inferred from the sentence imposed as indicated on the warrant, a reasonable fact finder would be forced to speculate that the district court judge made no other errors, such as convicting appellant of a charge other than that stated in the warrant. We have said that we are not restricted to the precise, technical wording of a court's order when other evidence in the record clearly establishes that the court had a different intent. Guba v. Commonwealth, 9 Va. App. 114, 118, 383 S.E.2d 764, 767 (1989). However, the Commonwealth offered no other evidence to indicate that the district court had an intent other than not finding appellant guilty under Code § 18.2-266.

For the foregoing reasons, we reverse the conviction for a second violation of Code § 18.2-266 and remand for further proceedings consistent with this opinion if the Commonwealth be so advised.

Reversed and remanded.