# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Antwan D. Johnson

October 20, 1998

Case No. CR9400233R

BY JUDGE ROBERT P. DOHERTY, JR.

At the Defendant's revocation hearing wherein the Commonwealth alleged a violation of probation because of two assault and battery convictions, certified copies of the original warrants with the sentences imposed and the signature of the General District Court judge affixed do not prove conviction because the judge did not check the blank denoting guilt.

A court speaks through its orders. They must be accurate and precise. The blanks checked and the statements written on the back of a misdemeanor criminal warrant indicating guilt and the sentence imposed, when dated and signed by the presiding judge, constitute the court's conviction order. Section 19.2-307, Code of Virginia (1950), as amended, sets forth the mandatory requirements that must be included in a criminal judgment order, among which are the plea, the adjudication, and the sentence imposed. Without a notation indicating adjudication that the Defendant is guilty or not guilty, the document fails as a judgment order and is nothing more than a record of an accusation against the Defendant. See *Bellinger v. Commonwealth*, 23 Va. App. 471 (1996).

Here the General District Court judge failed to mark the blank spaces on the back of the misdemeanor warrants noting he found the Defendant guilty or not guilty of the crimes charged, whether the charges were amended or reduced, or whether one of the other available dispositional alternatives were used. "Furthermore, even if the notation of a [sentence], fine and costs is suggestive of a conviction, it remains nonetheless silent as to the nature of that conviction." *Bellinger*, at 475. The certified copies of the incomplete orders on

the back of the warrants will not be admitted into evidence as proof of the Defendant's convictions or misdemeanors.