COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


JEROME ANTONIO WOODFORK
                                            OPINION BY
v.    Record No. 1923-98-2          JUDGE LARRY G. ELDER
                                         DECEMBER 7, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF NEW KENT COUNTY
                      Thomas B. Hoover, Judge

          Charles E. Adkins for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Jerome Antonio Woodfork (appellant) appeals from his bench

trial convictions for malicious wounding and attempted grand

larceny.  On appeal, he contends that his circuit court

convictions are void due to defects in his original transfer

hearing in the juvenile and domestic relations district court.

We find no defect requiring reversal, and we affirm the

convictions, subject to remand to correct a clerical error.[1]

_____

        [1] Appellant was indicted for aggravated malicious wounding
pursuant to Code § 18.2-51.2.  The order of conviction entered
May 14, 1998 indicates that the court found appellant guilty of
malicious wounding in violation of Code § 18.2-51.2.  However,
Code § 18.2–51.2 proscribes the offense of aggravated malicious
wounding; a different statute, Code § 18.2-51, proscribes
malicious wounding.  The sentencing order entered August 11,
1998 also does not make clear the offense for which appellant
was convicted.  It repeats the inconsistent offense and
statutory citation contained in the conviction order and imposes

I.

FACTS

On October 1, 1997, appellant appeared in the New Kent County Juvenile and Domestic Relations District Court (district court) on charges of abduction in violation of Code § 18.2-47 and malicious wounding in violation of Code § 18.2-51 (case numbers J-2735-01 and J-2735-02) allegedly committed against Lisa Diane Kinaitis on February 28, 1997.  In completing the felony certification form, the district court checked the box indicating a "find[ing] that the evidence is insufficient to establish probable cause to believe that the juvenile committed the alleged offense(s)" and dismissed the charges.  It did not check the box indicating a "find[ing] that the juvenile was not fourteen (14) years of age or older at the time of the alleged offense(s)."  Although no transcript of the October 1, 1997 proceedings appears in the record, the parties agree that the Commonwealth's evidence failed to prove appellant was fourteen years of age or older at the time of the alleged offenses and

---

a sentence of twenty years, which would be appropriate for either offense.  However, the trial transcript of April 27, 1998 makes clear that the trial court convicted appellant under Code § 18.2-51 rather than § 18.2-51.2, for it granted appellant's motion to strike the evidence of aggravated malicious wounding, directed that the case would proceed on the charge of malicious wounding, and found appellant guilty of that charge.  Therefore, we remand the matter to the trial court for the sole purpose of correcting the clerical errors in the trial court's conviction and sentencing orders.  See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994).

that appellant introduced no evidence to prove he was under fourteen.

Also on October 1, 1997, the sheriff's department issued petitions charging appellant with aggravated malicious wounding in violation of Code § 18.2-51.2 and attempted grand larceny in violation of Code §§ 18.2-95 and 18.2-26 (case numbers J-2735-03 and J-2735-04), also involving Lisa Diane Kinaitis on February 28, 1997.

On October 31, 1997, appellant appeared in district court for a hearing on those petitions. The Commonwealth introduced into evidence a copy of appellant's birth certificate showing a birth date of November 23, 1980, making appellant sixteen years of age on February 28, 1997, the date of the charged offenses. The court found "from the evidence presented that [appellant] was fourteen (14) years of age or older at the time of the alleged offense and that there is probable cause to believe that the juvenile committed [aggravated malicious wounding]." It ordered the charges certified to the grand jury, and on November 17, 1997, the grand jury issued indictments on both charges.

When appellant appeared in circuit court on February 13, 1998 for his scheduled trial, his attorney requested a continuance to obtain a competency evaluation. During those proceedings, the trial court inquired of appellant's counsel whether he had any "objection to the procedure that was followed by . . . [the Commonwealth or the district court] to transfer

the case here." Appellant's counsel agreed that the statute had been complied with and contended only that it was "in [appellant's] best interest to remain in juvenile court."

When the parties again appeared for trial on April 27, 1998, the court arraigned appellant on the aggravated malicious wounding and attempted grand larceny charges. Subsequently, the Commonwealth moved the court to make part of the record the district court order certifying the case to the circuit court for trial. The circuit court also received into evidence a copy of appellant's birth certificate offered by the Commonwealth. When the circuit court asked appellant's counsel whether he had any objection to the transfer proceeding, counsel said, "Well, Judge, I believe this fell under the discretionary transfer by the Commonwealth, and it wouldn't have been appropriate for me to object to that."[2]

After hearing the parties' evidence, the circuit court reduced the charge of aggravated malicious wounding to malicious wounding and convicted appellant of malicious wounding and attempted grand larceny. Following his convictions but prior to the court's entry of its sentencing order, appellant moved the court to declare the convictions void, contending that the

---

[2] In fact, because appellant was charged with aggravated malicious wounding, the Commonwealth had no discretion. Code § 16.1-269.1(B) required that the district court conduct the preliminary hearing and transfer the case if it found probable cause.

Commonwealth's inability to prove appellant's age at the first transfer hearing required that the Commonwealth proceed against appellant as a juvenile and that the circuit court never acquired jurisdiction over him. After hearing argument from both parties, the trial court denied the motion.

## II.

### ANALYSIS

Appellant argues on appeal that the district court had exclusive original jurisdiction over the charges against him and that defects in the first transfer hearing prevented the circuit court from obtaining the subject matter jurisdiction necessary for his convictions. As a result, he contends, the convictions are void, thereby permitting him to attack them for the first time on appeal.

We hold that appellant's objections are without substantive merit under Code § 16.1-269.1. Appellant originally was charged with malicious wounding in violation of Code § 18.2-51 and abduction in violation of Code § 18.2-47. Under Code § 16.1-269.1(C), the district court was required to conduct the preliminary hearing on the malicious wounding charge once the Commonwealth elected to seek to have appellant transferred to the circuit court for trial as an adult, as long as the Commonwealth provided the requisite notice and proved that appellant was fourteen years of age or older at the time of the alleged offense. Here, the record indicates the district court

found "the evidence [was] insufficient to establish probable cause to believe that the juvenile committed the alleged offense(s)" and it dismissed the case, an act which was within its discretion at that time.

Appellant contends that the evidence at the first transfer hearing failed to prove appellant was fourteen or older at the time of the alleged offense. As a result, he argues, the district court erred in dismissing the original charges and not directing that they "proceed as otherwise provided for by law," as required by the last paragraph of Code § 16.1-269.1(D). Appellant contends that the district court should have tried him as a juvenile on the charges then before it and that the erroneous dismissal prevented the circuit court from obtaining jurisdiction over him in the subsequent proceeding.

We hold that appellant misconstrues the language of Code § 16.1-269.1(D). Before the court is required under § 16.1-269.1(D) to see that "the case shall proceed as otherwise required by law," it must first "find[] that the juvenile was not fourteen years of age or older at the time of the alleged commission of the offense."[3] Code § 16.1-269.1(D) (emphasis

_____

[3] Pursuant to the statute, the court also is required to direct that the case proceed as required by law if it finds "that the conditions specified in subdivision 1, 2, or 3 of subsection A have not been met." Because appellant does not contend on appeal that the conditions specified in subsection (A) have not been met, we do not consider that portion of the statute in this appeal.

added).  Here, the record contains no evidence that the district court made such a finding.  Appellant furnished no transcript or statement of facts detailing the evidence introduced at the original transfer hearing, and the district court's order indicates it found only "that the evidence is insufficient to establish probable cause to believe that the juvenile committed the alleged offense(s)."  See, e.g., McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997) (holding that "[a] court speaks through its orders and those orders are presumed to accurately reflect what transpired"); see also Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979) (noting that presumption ordinarily applies where order conflicts with transcript of related proceedings).  The court did not find "that the juvenile was not fourteen (14) years of age or older at the time of the alleged offense(s)."

Appellant next contends that, because the district court erred in dismissing the charges at issue in the original transfer hearing, the second transfer hearing could not vest jurisdiction in the circuit court, regardless of whether the second hearing otherwise was conducted in compliance with the transfer statute.  He also argues, citing Code § 16.1-269.1(E), that indictment in the circuit court did not remedy this jurisdictional problem because such indictment does not "cure[] any error or defect . . . with respect to the juvenile's age."

We hold that these claimed errors did not prevent the circuit court from obtaining jurisdiction over the second set of charges. First, we already have held that the district court did not err in dismissing the original charges against appellant because the court did not find that appellant was not fourteen years of age or older.

Second, we need not decide whether the district court's dismissal of the original charges based on the lack of evidence of appellant's age constitutes an "error or defect" in the hearing which may not be cured by indictment in the circuit court. This is so because the charges for which appellant was convicted do not depend on Code § 16.1-269.1(E) for their legitimacy. Rather, the Commonwealth initiated the second round of charges against appellant by preliminary hearing in the district court, and the district court treated the matter as if no prior transfer hearing had occurred.

In this second hearing, on October 31, 1997, the district court received into evidence a copy of appellant's birth certificate, which supported its finding that appellant was fourteen years of age or older at the time of the alleged offense. Further, it found that probable cause existed to believe appellant committed aggravated malicious wounding, a finding appellant does not challenge on appeal. As a result, it certified both charges to the grand jury, which returned indictments on both offenses. Because the second round of

charges proceeded to the circuit court for trial only after a new transfer hearing in which the district court made the requisite findings regarding age and probable cause, appellant's challenge to the circuit court's jurisdiction must fail.

For these reasons, we affirm appellant's convictions for malicious wounding and attempted grand larceny.  However, due to the clerical error in the conviction and sentencing orders regarding the statute under which appellant was convicted, <u>see</u> <u>supra</u> note 1, we remand this matter to the trial court for the sole purpose of amending the conviction and sentencing orders to reflect that appellant was convicted under Code § 18.2-51 rather than Code § 18.2-51.2.

<u>Affirmed on the merits</u>
<u>and remanded with instructions.</u>