COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


RICHARD BAYLOR MORIARTY

MEMORANDUM OPINION[*] BY
v.    Record No. 1444-99-4          JUDGE ROBERT P. FRANK
                                         MAY 16, 2000
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF MOTOR VEHICLES


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Joanne F. Alper, Judge

Steven L. Duckett, Jr. (MacDowell &
Associates, P.C., on brief), for appellant.

Jeffrey A. Spencer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Richard Baylor Moriarty (appellant) appeals the circuit
court's denial of his appeal from the determination by the
Commissioner of the Department of Motor Vehicles that he was an
habitual offender under Code § 46.2-351.  Appellant contends that
the circuit court erred in admitting the record of a prior
conviction, which appellant alleges violated Code § 19.2-307.[1]  We
disagree and affirm the circuit court's ruling.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] Section 19.2-307 sets forth the required contents of a
criminal judgment order as follows:  "The judgment order shall
set forth the plea, the verdict or findings and the adjudication
and sentence, whether or not the case was tried by jury, and if
not, whether the consent of the accused was concurred in by the

I.  BACKGROUND

The Commissioner's determination that appellant was an habitual offender was based upon three convictions for driving while under the influence.  Appellant challenges only one of the predicate offenses, a conviction from the Arlington County General District Court dated March 31, 1998.  For the March 31, 1998 conviction, the general district court judge checked the box on the printed warrant form showing that appellant pled guilty; sentenced appellant to twelve months in jail, 10 months of which was suspended; and fined appellant $1,500, $1,000 of which was suspended.  The general district court judge also suspended appellant's license indefinitely.  However, on the form, there was no finding of guilt.

In the instant case, a transcript from the Department of Motor Vehicles that showed that appellant was convicted of driving while under the influence, third offense, on March 31, 1998 in Arlington County General District Court was introduced and received as Commonwealth's Exhibit Number One without objection.

court and the attorney for the Commonwealth.  If the accused is found not guilty, or for any other reason is entitled to be discharged, judgment shall be entered accordingly.  If an accused is tried at one time for two or more offenses, the court may enter one judgment order respecting all such offenses.  The final judgment order shall be entered on a form promulgated by the Supreme Court."  Code § 19.2-307.

-

## II. ANALYSIS

Appellant argues that because there was no specific finding of guilt, the March 31, 1998 conviction cannot be a predicate offense for an habitual offender determination. We disagree.

Appellant relies upon Bellinger v. Commonwealth, 23 Va. App. 471, 477 S.E.2d 779 (1996), and McBride v. Commonwealth, 24 Va. App. 30, 480 S.E.2d 126 (1997). We find that Bellinger and McBride are inapposite.

In Bellinger, the defendant was tried for voluntary manslaughter. See Bellinger, 23 Va. App. at 473, 477 S.E.2d at 779. The Commonwealth introduced three disposition records for bad check offenses in the sentencing phase of the trial. See id. On each of the warrant forms for the bad check offenses, "NO. JAIL 19.2-160," was stamped at the place designated for "'final disposition.'" Id. at 474, 477 S.E.2d at 780. The record contained "no other notation of disposition and no formal order of conviction." Id. We found that the documents submitted as orders of conviction for the bad check offenses "failed, in every respect, to satisfy" the requirement of Code § 19.2-307. Id. at 474-75, 477 S.E.2d at 780.

In McBride, the defendant appealed his conviction of second offense of driving while under the influence in violation of Code § 18.2-266. See McBride, 24 Va. App. at 32, 480 S.E.2d at 127. The issue on appeal was whether the Commonwealth proved the first offense. See id. at 33, 480 S.E.2d at 127. The Commonwealth

-

attempted to prove the prior offense by offering a certified copy of a record from Roanoke City General District Court.  See id. at 32, 480 S.E.2d at 127.  The record was a warrant of arrest charging the defendant with driving under the influence.  See id.  The second page of the warrant contained a printed form that was signed by the trial judge and indicated appellant had pled not guilty.  See id.  It also indicated that appellant was sentenced to thirty days in jail, fined $300, and received a suspension of his operator's license for six months.  See id.  However, the form did not indicate that the appellant was found guilty of the charge.  See id. at 32-33, 480 S.E.2d at 127.  We held the evidence was insufficient to establish a prior conviction because the warrant did not indicate that appellant was convicted under Code § 18.2-266, and the Commonwealth offered no other competent evidence.  See id. at 34, 480 S.E.2d at 128.

However, this case differs from Bellinger and McBride in that the transcript of appellant's driving record from the Department of Motor Vehicles creates a prima facie case of the conviction.  The Commonwealth in Bellinger and McBride had no such prima facie presumption.

Code § 46.2-351, in effect at the time of appellant's habitual offender hearing, stated:

> The transcript or abstract of convictions
> which bring the person within the definition
> of an habitual offender may be admitted as
> evidence as provided in § 46.2-215 and shall
> be prima facie evidence that the person named

-

> therein was duly convicted, or held not
> innocent in the case of a juvenile, by the
> court wherein the conviction or holding was
> made, of each offense shown by the transcript
> or abstract. If the person denies any of the
> facts as stated therein, he shall have the
> burden of proving that the fact is untrue.

We find that Dicker v. Commonwealth, 22 Va. App. 658, 472 S.E.2d 655 (1996), controls this case. As in the instant case, the Commonwealth submitted the transcript from the Department of Motor Vehicles showing the conviction in question. See Dicker, 22 Va. App. at 660, 472 S.E.2d at 656. "In rebuttal, Dicker introduced a certified copy of a pre-printed arrest warrant, which contained the April 19, 1994 conviction order." Id. at 660, 472 S.E.2d at 656-57. He argued that the order was void because the district court failed to check the appropriate boxes indicating his plea and whether he was found guilty, not guilty, or guilty of a lesser included offense. See id. "The trial court ruled that Dicker had failed to rebut the Commonwealth's prima facie proof of the requisite convictions . . . ." Id. We upheld the habitual offender determination and agreed with the trial court that the appellant had not rebutted the statutory presumption. See id. at 662, 472 S.E.2d at 657. We cited Moffitt v. Commonwealth, 16 Va. App. 983, 434 S.E.2d 684 (1993), in which we held:

> Habitual offender proceedings are civil in
> nature, not criminal. Therefore, the
> Commonwealth has the burden of proving by a
> preponderance of the evidence that the
> respondent had obtained the three requisite
> driving convictions to be an habitual
> offender . . . . [T]he Commonwealth

-

established a _prima_ _facie_ presumption that it was a valid conviction by introducing the certified DMV transcript . . . . The _prima_ _facie_ presumption that the convictions were valid necessarily encompasses that the elements of the charges were proven . . . . Once the Commonwealth has established a _prima_ _facie_ case, it is entitled to judgment, unless the respondent goes forward with evidence that refutes an element of the Commonwealth's case or rebuts the _prima_ _facie_ presumption.

_Id._ at 986, 434 S.E.2d at 687 (citations omitted).

_Dicker_ held that, while the April 19, 1994 order failed in several respects to corroborate the transcript from the Department of Motor Vehicles, it did not contradict the transcript. See _Dicker_, 22 Va. App. at 662, 472 S.E.2d at 657.

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See _Higginbotham v. Commonwealth_, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The judgment of a trial court sitting without a jury will not be set aside unless plainly wrong or without evidence to support it. See _Martin v. Commonwealth_, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citations omitted).

In this case, appellant did not rebut the _prima_ _facie_ case. The Department of Motor Vehicles transcript was not inconsistent with the actual warrant. Unlike _McBride_, appellant pled guilty to the charge of driving while under the influence. "'[A] voluntary and intelligent plea of guilty by an accused is, in reality, a

-

self-supplied conviction authorizing imposition of the punishment fixed by law.'" Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (citations omitted), aff'd on rehearing en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992). "'A plea of guilty that is voluntarily and intelligently made by an accused is a conviction and nothing is left but the imposition of the prescribed punishment.'" Id. (quoting Miracle v. Peyton, 211 Va. 123, 126, 176 S.E.2d 339, 340 (1970)).

Since the warrant form noted appellant's plea of guilty, it can be inferred that the appellant was convicted of the offense even without such a finding by the district court. The district court's sentence and indefinite suspension of the appellant's operator's license is further consistent with conviction of driving while under the influence, third or subsequent offense.[2]

For these reasons, we affirm the ruling of the circuit court.

Affirmed.

---

[2] Under Code § 18.2-271(c) and Code § 46.2-391(b), a conviction of driving while under the influence, third or subsequent offense, results in a suspension of the defendant's operator's license for an indefinite period of time. See Code §§ 18.2-271(c) and 46.2-391(b).

-