COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Lemons[*]
Argued at Richmond, Virginia


EDDIE LEE GILLS

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 0584-99-2          JUDGE SAM W. COLEMAN III
                                         JULY 5, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                    Robert G. O'Hara, Jr., Judge

            Steven D. Benjamin (Betty Layne DesPortes;
            Benjamin & DesPortes, P.C., on briefs), for
            appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Eddie Lee Gills was convicted following a bench trial of

feloniously driving after having been declared an habitual

offender, a second or subsequent offense, in violation of Code

§ 46.2-357.  On appeal, Gills argues that the trial court erred

by admitting the certified copy of a district court warrant,

with certain dispositional notations thereon, as evidence of a

prior habitual offender violation.  He contends that the

---

     [*] Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

notations on the warrant are insufficient to support the conviction because they do not prove a prior conviction of driving after having been declared an habitual offender. We agree that the notations on the warrant are insufficient to prove a prior conviction of driving after having been declared an habitual offender. Accordingly, we reverse the habitual offender conviction as a second or subsequent offense and remand the case to the trial court for sentencing as a first offense under Code § 46.2-357.

### BACKGROUND

On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Jenkins, 225 Va. 516, 521, 499 S.E.2d 263, 265 (1998). On October 18, 1997, Gills was arrested and charged with feloniously driving after having been declared an habitual offender, a second or subsequent offense. At trial, the Commonwealth introduced a certified copy of an order of the Circuit Court for Stafford County to prove that Gills had been declared an habitual offender. The Commonwealth also proffered a certified copy of a warrant from a district court proceeding as evidence that Gills had previously been convicted of driving after being declared an habitual offender in violation of Code

§ 46.2-357(B)(1).[1]  Gills, relying on the holding in McBride v.
Commonwealth, 24 Va. App. 30, 34-35, 480 S.E.2d 126, 128 (1997),
objected to the introduction of the warrant.  He argued that the
warrant failed to indicate the offense of which he was
convicted; thus, it failed to prove that he had been convicted
of driving after having been declared an habitual offender in
violation of Code § 46.2-357(B)(1).  The trial court admitted
the evidence, finding that McBride was factually distinguishable
from the instant case.  The Commonwealth offered no other
evidence to prove the prior conviction.

ANALYSIS

Gills argues that the trial court erred by admitting the
warrant as evidence of his prior conviction because the warrant

---

[1] The relevant portion of the warrant, which charged Gills
with driving in Stafford County on February 14, 1997, after
having been declared an habitual offender, also showed the
following:

> The Accused Pleaded:
>     ____ not guilty
>     ____ nolo contendere
>      X   guilty
>
> And was TRIED and FOUND by me:
>     ____ not guilty
>     ____ guilty as charged
>     ____ guilty of _____

The warrant also contained notations that Gills was present and
represented by counsel and that the judge imposed a $300 fine
and a ninety day jail sentence with sixty days suspended for
three years conditioned upon good behavior and keeping the
peace.

- 3 -

was irrelevant, incompetent, and insufficient to prove the prior violation, an element which the Commonwealth was required to prove under the statute. Gills argues that, although the notation on the warrant indicates that Gills pled guilty and was sentenced, the warrant fails to indicate that Gills was found guilty of the charged offense.

Despite the Commonwealth's assertion that Gills failed to challenge the sufficiency of the evidence below, we find that Gills preserved the issue for appeal. See Rule 5A:18; see also Mounce v. Commonwealth, 4 Va. App. 433, 434, 357 S.E.2d 742, 743 (1987). As a basis for objecting to the admissibility of the warrant for the prior offense, Gills expressly relied on the holding in McBride. Gills discussed the holding in McBride and its applicability to this case. He argued that based on the warrant, "there's no indication that he was convicted of having been declared a habitual offender, a misdemeanor, which is a prerequisite and a necessary element of the charge that he is now facing in court." Although the trial court factually distinguished McBride and overruled the objection, the trial court was fully aware of the nature of Gills' objection and was aware that Gills was challenging the sufficiency of the evidence. Thus, the issue was preserved for appeal.

"As with all elements of a crime, the burden is on the Commonwealth to prove the prior conviction beyond a reasonable

- 4 -

doubt." McBride, 24 Va. App. at 33, 480 S.E.2d at 123. "The most efficient way to prove the prior . . . conviction is to offer in evidence an authenticated copy of the prior conviction." Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994).

Here, Gills was charged with the felony of driving after having been declared an habitual offender, a second or subsequent offense, in violation of Code § 46.2-357. An element of the crime which the Commonwealth had to prove was a previous conviction for driving after having been declared an habitual offender. "Evidence which 'tends to cast any light upon the subject of the inquiry' is relevant" and admissible, unless excluded by some other principle or rule of law or by statute. Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988); see also Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (finding that the admissibility of evidence is reviewed for an abuse of discretion); Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (stating that the general rule for the admissibility of evidence is that it be relevant and material). Therefore, under the general rule, a warrant that shows that the defendant has been previously charged and convicted of driving after having been declared an habitual offender is relevant and admissible. Although the warrant was admissible, Gills contends the warrant and the notation thereon were insufficient to establish the prior conviction. Gills argues

that the warrant merely shows that he was charged with a violation of Code § 46.2-357 and that he pled guilty and was sentenced. Thus, he contends it does not prove that the court found him guilty of the charged offense as opposed to a lesser or lesser-included offense. The Commonwealth, citing Savino v. Commonwealth, 239 Va. 534, 539, 391 S.E.3d 276, 278 (1990), argues that a plea of guilty is a self-executing conviction and that the presumption of regularity justified the trial court's conclusion that Gills pled guilty to the charged offense.

We find that this case is controlled by our holding in McBride. In McBride, the defendant was convicted of a second offense of driving under the influence. At trial, the Commonwealth introduced a certified copy of an arrest warrant, indicating that the defendant was charged with previously violating Code § 18.2-266. The warrant contained a printed form upon which the district court had reported the proceedings. The form indicated that the defendant was charged, pled not guilty, and was sentenced. However, the form was blank in the space where the court is to designate whether the defendant was tried and found guilty of the charged offense. The Commonwealth offered no other evidence to prove a prior conviction. The defendant moved to strike the evidence, arguing that the evidence did not prove that he had been previously convicted of violating Code

§ 18.2-266.  The trial court denied the motion and found the defendant guilty of the second offense.

We reversed McBride's conviction, finding that the evidence was insufficient to prove that he had been previously convicted of violating Code § 18.2-266.  We found that the warrant from the previous proceeding failed to prove that the defendant was convicted of the charged offense, rather than some other offense or a lesser-included offense.  Moreover, we declined to infer or speculate the nature of the actual judgment of conviction based on the sentence imposed by the trial court.

"It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders."  Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996) (citation omitted).  Here, the warrant proffered by the Commonwealth indicated only that Gills was charged with violating Code § 46.2-357(B)(1), that he pled guilty at that proceeding, and that he was sentenced.  The warrant contained no notation indicating of what offense Gills was convicted.  Often charges are amended or a defendant is permitted to plead guilty to a reduced charge other than the charged offense.  So that district court judges will not have to prepare dispositional orders for each case, the Supreme Court provides pre-printed forms on the warrants which contain blocks or blanks that enable judges to specify, by merely checking the section or filling in a blank, the disposition of a case, the

offense of which the accused is found guilty, and the amount of a fine and/or jail sentence. Moreover "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." <u>Nicely v. Commonwealth</u>, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (internal quotation and citation omitted). But, we apply a presumption of regularity where a proceeding appears in all respects regular on its face and some procedural issue is being challenged, such as whether a defendant was represented by counsel in a prior conviction. The presumption does not apply where the proceeding is irregular on its face, in that it fails to specify the offense for which a defendant was convicted. In the absence of a notation or specification on the warrant stating the offense of which Gills was convicted, we will not presume or surmise as to the offense of which Gills was convicted.

Accordingly, we hold that the warrant was insufficient to prove the prior conviction. We, therefore, reverse Gills' conviction and remand the case to the trial court for resentencing.

<u>Reversed and remanded.</u>