COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Haley and Petty
Argued at Salem, Virginia


JOHN KURT SENSABAUGH

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1263-06-3                   JUDGE ROBERT J. HUMPHREYS
                                                        MAY 15, 2007

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                            Thomas H. Wood, Judge

            Peter L. Boatner (Office of the Public Defender, on brief), for
            appellant.

            J. Robert Bryden, II, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        John Kurt Sensabaugh ("Sensabaugh") appeals his conviction for domestic assault and

battery third or subsequent offense, in violation of Code § 18.2-57.2(B).  He argues that the

evidence was insufficient to support his conviction, because the Commonwealth did not prove

two or more prior convictions occurring on different days.  The Commonwealth agrees and

concedes error but nevertheless urges us to affirm because the trial court reached the right result,

although for the wrong reason.  For the reasons set forth below, we disagree and reverse the

decision of the trial court, and remand for further proceedings.

                                        ANALYSIS

        Sensabaugh contends on appeal that the trial court erred in convicting him of domestic

assault and battery third or subsequent offense by relying on the March 21 conviction to elevate

---

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the April 18 conviction obtained at the same trial to a felony. The Commonwealth concedes that the trial court erred in this respect.

Code § 18.2-57.2 states, in pertinent part:

> A. Any person who commits an assault and battery against a family or household member is guilty of a Class 1 misdemeanor.
>
> B. Upon a conviction for assault and battery against a family or household member, where it is alleged in the warrant, information, or indictment on which a person is convicted, that such person has been previously convicted of two offenses against a family or household member of (i) assault and battery against a family or household member in violation of this section . . . which occurred within a period of 20 years, and each of which occurred on a different date, such person is guilty of a Class 6 felony.

The Commonwealth nevertheless urges us to affirm under the "right result, wrong reason" doctrine, see Frye v. Commonwealth, 231 Va. 370, 389, 345 S.E.2d 267, 281 (1986), because one of the warrants introduced to show the prior convictions alleges that the offense occurred "on or about 6/11/2004 to 6/13/2004." The Commonwealth notes that "the record of a prior misdemeanor conviction . . . is entitled to a presumption of regularity on collateral attack in a recidivist proceeding[,]" Nicely v. Commonwealth, 25 Va. App. 579, 587, 490 S.E.2d 281, 284 (1997), and reasons that this particular offense "must have taken place on more than one day." However, we need not consider the merits of such an argument because the warrant alleging that Sensabaugh assaulted a family or household member "on or about 06/11/2004 to 06/13/2004" fails to indicate any finding of guilt. Thus, the warrant is insufficient as a matter of law to prove a prior conviction on any date.

"As with all elements of a crime, the burden is on the Commonwealth to prove the prior conviction beyond a reasonable doubt." McBride v. Commonwealth, 24 Va. App. 30, 33, 480 S.E.2d 126, 127 (1997). "While the most efficient way to prove the prior conviction is to offer in

- 2 -

evidence an authenticated copy of the prior order of conviction, the prior conviction may be proved by any competent evidence." Id. at 33-34, 480 S.E.2d at 128 (citations omitted). A court not of record trying a defendant on a criminal offense must memorialize its judgment by stating "the [defendant's] plea, the [court's] verdict or findings and the adjudication and sentence[.]" Code § 19.2-307; see Bellinger v. Commonwealth, 23 Va. App. 471, 474, 477 S.E.2d 779, 780 (1996).

In McBride, we held that a certified copy of a warrant charging appellant with driving under the influence of alcohol was insufficient to prove a prior conviction of that offense when the warrant indicated that appellant had pled not guilty and that the general district court had imposed a fine and suspended jail sentence, suspended appellant's driver's license, and ordered alcohol treatment, but did not indicate a finding of guilt. 24 Va. App. at 35, 480 S.E.2d at 128. We did not accept the jail sentence indicated on the back of the warrant as evidence of a conviction, because "a reasonable fact finder would be forced to speculate that the district court judge made no other errors, such as convicting appellant of a charge other than that stated in the warrant." Id. at 36, 480 S.E.2d at 129.

As in McBride, we hold that the Commonwealth presented insufficient evidence to prove Sensabaugh's prior conviction of domestic assault and battery. Furthermore, the Commonwealth offered no other competent evidence of this conviction. The underlying assaults proved by the Commonwealth occurred on the same day as one another, and are thus insufficient to prove the elements of felony domestic assault and battery under Code § 18.2-57.2(B).

Because the Commonwealth also concedes that the trial court erred in using Sensabaugh's March 21 conviction to elevate his April 18 conviction obtained at the same trial to a felony, we need not address that issue.

The sole difference between the felony offense, of which the trial court convicted Sensabaugh, and the lesser-included misdemeanor offense, both codified in Code § 18.2-57.2, is the requirement of prior convictions for offenses occurring on different days. Without these convictions, the elements of the lesser-included misdemeanor have nonetheless been proven beyond a reasonable doubt in the trial court. Thus, we vacate the felony conviction, and remand the case to the trial court for a new sentencing hearing on the Class 1 misdemeanor. See Commonwealth v. South, 272 Va. 1, 1-2, 630 S.E.2d 318, 318-19 (2006) (remanding appellant's conviction to trial court for new sentencing proceeding upon showing that the evidence proved only a lesser-included offense).

                                                                    Reversed and remanded.