UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Judges Chafin, O'Brien and Russell
Argued at Salem, Virginia


JACK STAYNER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0598-15-3                      JUDGE MARY GRACE O'BRIEN
                                                    MARCH 22, 2016
HARRISONBURG ROCKINGHAM
 SOCIAL SERVICES DISTRICT


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

Walter F. Green for appellant.

(Rachel Errett Figura, Assistant County Attorney; Lisa L. Knight,
Guardian *ad litem* for the infant children; Rockingham County
Attorney's Office; The Law Office of Lisa L. Knight, on brief), for
appellee. Appellee and Guardian *ad litem* submitting on brief.


Jack Stayner ("appellant") appeals the dismissal of his petitions for custody of his two

grandsons, D.D. and Z.D., who were in the custody of the Harrisonburg Rockingham Social

Services District ("HRSSD") pursuant to foster care plans. The plans were entered in the juvenile

and domestic relations district court ("JDR court") following a termination of parental rights

proceeding. Both matters were appealed to circuit court. After a hearing in circuit court, the court

dismissed appellant's petitions for custody and accepted the foster care plans.[1]

Appellant asserts the following assignments of error:

  I. The circuit court erred when it denied Stayner custody without an
     investigation pursuant to Virginia Code § 16.1-278.2(A1).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant initially objected to the foster care placement of his granddaughter, A.D., and
petitioned for custody of her as well, but he withdrew his objection and petition for custody at the
conclusion of the evidence in circuit court.

II. The circuit court erred in finding the evidence insufficient to award Stayner custody of his grandchildren applying the factors set out in Virginia Code § 16.1-278.2(A1).

III. The circuit court erred in failing to apply Virginia Code § 20-124.1.

IV. The court erred in denying Stayner custody based on "barrier crimes" in 2010.

Finding no error, we affirm the ruling of the circuit court.

## I. BACKGROUND

Appellant is the maternal grandfather of two grandsons, D.D., fifteen years old, and Z.D., eleven years old, and one granddaughter, A.D., eight years old.[2] HRSSD first became involved with the family in 2003 and had an "open service case" with them beginning in 2007. In 2008, Z.D. was found to be abused or neglected. In 2011, all three children were found to be abused or neglected because of domestic violence in the home and substance abuse by their parents. At that time, A.D. was placed with her godparents, and she remained with them at the time of trial. The boys continued to reside in their home until February of 2013, when they were again found to be abused or neglected. As a result of that finding, they were placed in foster care.

In November of 2013, HRSSD filed notice of a hearing to terminate the parental rights of the children's mother and father. At that time, appellant filed his petitions for custody and visitation. Previously, he had attended a family meeting with the agencies involved, but indicated he was not a placement option for the children due to the hours and travelling involved with his employment. Appellant did not intervene in any of the prior adjudications regarding removal or protective orders.

---

[2] The ages refer to the children's ages at the time of the circuit court trial.

Following a hearing in March of 2014, the JDR court terminated the father's and mother's parental rights. The court found that the children's best interests were not served by awarding custody to appellant and entered a permanency planning order with "permanent foster care" as the goal. Appellant noted his appeal to the circuit court, and a trial was held on November 3, 2014. During the pendency of the appeal, the boys remained in foster care.

At the circuit court trial, HRSSD presented evidence from counselors and social workers who had been involved with the family. Jenny Kuszyk, a licensed professional counselor who worked extensively with both boys, testified about the extent of psychological and emotional trauma that they had sustained. She noted that the boys were doing better in foster homes, but it would be best to keep them in separate homes because of their "destructive behaviors . . . with each other." She testified that the boys were aware of appellant's previous drug use and, in her opinion, it would be "extremely difficult" for someone without specialized training to take care of the boys.

Karen Harold, a foster care social worker for the children, testified concerning her interactions with appellant when he approached her as a placement option. She acquired the information necessary for a background check of appellant and advised him that he would be required to attend classes ("PRIDE" classes) to become an approved caretaker. She informed appellant that he would need to begin with supervised visitation, and she asked to meet with him twice a month. Appellant requested that they speak by telephone instead, due to his work schedule. However, he did not call her or meet with her in person as they had arranged.

When the background check revealed appellant's prior convictions of two felony drug distribution charges and one misdemeanor drug distribution charge in 2010, Harold informed him that he would not be eligible as a placement for the boys. Appellant indicated that he was still interested in supervised visitation with the boys, but he did not respond to three certified letters Harold sent to him, outlining the requirements for visitation approval: a psychological evaluation,

substance abuse evaluation, and drug screen. Appellant also only attended one or two of the nine required PRIDE classes.

Appellant presented evidence that he was sixty-four years old and worked as an operations manager for an electric company. He testified that he purchased a large new home with separate bedrooms for each of the children. He also told the court that he did not drink or use drugs and he had been going to twelve-step meetings for twenty years.

Amber Hamilton, who had known appellant for twenty-five years, testified that she had agreed to work for appellant and help him take care of the boys. She acknowledged that although she knew the boys when they were small children, she was unaware of their subsequent history or the fact that they had been diagnosed with mental health and emotional issues.

The guardian *ad litem* told the court that she had spoken to the boys, their counselors and foster parents, and appellant. The boys were doing well in their respective schools and were making friends. The guardian *ad litem* stated that although she believed that appellant loved his grandsons and purchased his new residence to be away from family members who were bad influences, she had concerns about placing the children with appellant because of the boys' "disorders and their diagnoses." In her view, the boys needed "specialized care," and it was best to have them live in separate residences at this time, away from family members.

At the conclusion of the case, HRSSD argued that appellant was precluded from obtaining custody because he was subject to the requirements of being a foster parent and his prior convictions for distribution of drugs ("barrier crimes") disqualified him from being a foster parent under Code §§ 63.2-901.1(E) and -1719. HRSSD also contended that appellant had not shown he was willing to cooperate with the agency requirements, such as drug testing, psychological testing, and completion of the PRIDE classes. In a letter opinion, the circuit court denied appellant's

petitions for custody, not because of the barrier crimes, but based on his failure to meet the four requirements of Code § 16.1-278.2(A1).

This appeal followed.

## II. ANALYSIS

### A. Standard of Review

When reviewing a decision about a child's custody and visitation, the Court presumes the circuit court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). The circuit court has "broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795. On appeal, the decision of the trial court will not be reversed "unless plainly wrong or without evidence to support it." Id. Additionally, "[o]n appeal from an order of child custody, we view the evidence in the light most favorable to . . . the prevailing party below." Parish v. Spaulding, 26 Va. App. 566, 574-75, 496 S.E.2d 91, 95 (1998).

### B. Assignment of Error 1: Investigation Pursuant to Code § 16.1-278.2(A1)

Appellant contends that the trial court erred by dismissing his petitions for custody without conducting an investigation pursuant to Code § 16.1-278.2(A1). However, appellant never raised this issue at the hearing before the trial court, in his written brief submitted before the trial court ruled, or in his objection to the trial court's order dismissing his petitions. Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Appellant did not argue at trial that HRSSD failed to complete an investigation as mandated by Code § 16.1-278.2(A1). In fact, his objection to the court's order dismissing his petitions for custody was merely noted as "Seen Objected." This is not a clear and specific objection, but rather, a general objection. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (noting that Rule 5A:18 requires that "a specific argument must be made to the trial court at the appropriate time . . . . A general argument or an abstract reference to the law is not sufficient to preserve an issue." (citation omitted)). Additionally, we have held that "neither [Code § 8.01-384] nor Rule 5A:18 is complied with merely by objecting generally to an order." Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992). In this case, appellant failed to raise the issue of an investigation pursuant to Code § 16.1-278.2 during trial, and his general objection to the trial court's final order was insufficient to preserve this assignment of error. Therefore, we will not consider it on appeal.

### C. Assignment of Error 2: Sufficiency of the Evidence

Appellant argues that the trial court erred in finding the evidence insufficient to award him custody of his grandchildren "applying the factors set out in Virginia Code § 16.1-278.2(A1)." In Lynchburg Division of Social Services v. Cook, 276 Va. 465, 479-80, 666 S.E.2d 361, 368 (2008), the Virginia Supreme Court held that

> once the foster care statutory process has commenced, the . . . court may not transfer custody of a child to a relative, other than the child's prior family, without making the four specific findings of fact required by Code § 16.1-278.2(A1) and the foster care statutes. Those findings, under the plain terms of the statutes, must be stated in the order transferring custody.

The statute requires that the court make a finding that the relative: (i) is willing and qualified to receive and care for the child; (ii) is willing to have a positive, continuous relationship with the

- 6 -

child; (iii) is committed to providing a permanent, suitable home for the child; and (iv) is willing and has the ability to protect the child from abuse and neglect. Code § 16.1-278.2(A1).

The trial court's findings on these four factors, which appellant now challenges on appeal, are findings of fact. "We review lower court factfinding with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "On appeal, we will not reverse findings of fact 'unless plainly wrong.'" Budnick v. Budnick, 42 Va. App. 823, 834, 595 S.E.2d 50, 55 (2004) (quoting Gilman v. Gilman, 32 Va. App. 104, 115, 526 S.E.2d 763, 768-69 (2000)). Additionally, "[o]n appeal from an order of child custody, we view the evidence in the light most favorable to . . . the prevailing party below." Parish v. Spaulding, 26 Va. App. 566, 574-75, 496 S.E.2d 91, 95 (1998).

In the case before us, the court explained its findings of fact concerning the four factors in a letter opinion. Regarding the first two factors, the court found that while appellant professed to be willing to care for the children and have a continuous relationship with them, "his actions have not had such clarity." The court noted that appellant was offered therapeutic visitation with the boys, but never exercised it, and, in fact, surreptitiously contacted the children in contravention of HRSSD policy. Appellant's unexplained failure to complete the PRIDE classes was another factor cited by the court. The court also noted that appellant worked long hours and frequently travelled for work, and the caretaker with whom he proposed to leave his grandsons had not seen them in years and had no specialized training in dealing with mental health and behavioral issues. Finally, the court considered the fact that appellant's willingness to assume custody of the boys arose very late in the proceedings. The court's findings that appellant did not establish that he was willing or qualified to care for the children or that he was willing to have a positive, continuous relationship with the boys are supported by the record and not plainly wrong or without evidence to support them.

The third factor, that appellant is "committed to providing a permanent, suitable home" for D.D. and Z.D., also was addressed by the court. The court found that while the physical attributes of the house appellant purchased certainly were sufficient, the "meaning of 'home' is different from 'house.'" Considering the boys' profound needs, including the recommendation that the boys live separately, the court found that the living arrangement proposed by appellant would not be suitable. The evidence supports the court's conclusion.

The court also considered the fourth and final factor, whether appellant was willing and able to protect the children from abuse and neglect. The court noted that despite living in close proximity to the boys in the past, appellant had not been able to protect them from abuse and neglect. The court again cited appellant's failure to cooperate with HRSSD in arranging supervised visitation, and ultimately concluded that given the special needs of D.D. and Z.D., appellant had not met his burden of establishing that he could protect them from abuse and neglect.

The court's letter opinion clearly addressed each of the factors required by Code § 16.1-278.2(A1) and explained in detail how appellant had failed to satisfy the requirements of that code section. The court's conclusions were amply supported by the record, and we do not find them to be plainly wrong. Accordingly, we affirm the trial court's finding that the evidence was insufficient to award appellant custody of the children.

D. Assignment of Error 3: Application of Code § 20-124.1

Appellant argues that the court erred in "failing to apply Virginia Code § 20-124.1." He contends that because he is the children's grandfather, he is a person with a legitimate interest and because there had been no allegations that he abused or neglected the children, their custody "should be vested" in him.

Code § 20-124.1 reads in pertinent part:

> "*Person with a legitimate interest*" shall be broadly construed and includes, but is not limited to, grandparents . . . provided any

such party has intervened in the suit or is otherwise properly before the court. The term shall be broadly construed to accommodate the best interest of the child.

Code § 20-124.1 is a "definitional" statute and does not confer any legal rights to a person without the involvement of other statutory applications. The statute merely defines who might have a "legitimate interest" and have standing to petition for custody. There were no allegations either at trial or in the parties' post-trial briefs that appellant was not a person with a legitimate interest. His standing to bring his petitions for custody was never challenged.

Further, appellant never raised or argued during the proceedings that Code § 20-124.1 somehow conferred legal rights to custody of the children on him. He is barred by Rule 5A:18 from raising this issue for the first time on appeal. Accordingly, we will not consider appellant's third assignment of error.

## E. Assignment of Error 4: Barrier Crimes

Appellant asserts that the "circuit court erroneously denied [him] custody based on [his convictions of] 'barrier crimes' in 2010." He contends that because the court "repeatedly referenced 'barrier crimes' from 2010," the court denied his petitions for custody on this basis. Appellant's assignment of error is completely without merit. He misstates the holding of the court's letter opinion.

In 2010, appellant was convicted of two counts of felony drug distribution and one count of misdemeanor drug distribution. These criminal convictions constitute "barrier crimes" that would preclude HRSSD from placing the children with appellant pursuant to Code § 63.2-1719. However, the court found that while the issue was "a matter of statutory construction," it specifically ruled that the prohibition "does not apply to such placement by the courts." In fact, the court "reject[ed] the position of HRSSD that" the 2010 convictions constituted barrier crimes, "prohibiting placement of

the boys with him *by this court*—although it certainly creates a barrier to HRSSD placing the boys with him."

"A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). The trial court expressly addressed the "barrier crime" issue in its letter opinion incorporated into its order and found that the crimes were *not* a bar to the court placing the children with appellant. The court could not have made it more clear that it was dismissing appellant's petitions for custody because he had not carried his burden of proving the four factors set out in Code § 16.1-278.2(A1), not because appellant had been convicted of a "barrier crime." Therefore, we dismiss appellant's fourth assignment of error.

### III.  CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.